# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 7489 | DATE | June 26, 2002 |
| CASE TITLE | Nuveen Investments v Gregory P. Hogan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, Gregory Michaels & Associates' motion to dismiss the amended third party complaint is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | JUN 27 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | 02 JUN 26 PM 1:24 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NUVEEN INVESTMENTS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 00 C 7489<br>) |
| GREGORY P. HOGAN, | ) Judge Robert W. Gettleman<br>) |
| Defendant/Third-Party Plaintiff, | )<br>) |
| GREGORY P. HOGAN, | )<br>) |
| Third-Party Plaintiff, | )<br>) |
| v. | )<br>) |
| GREGORY MICHAELS & ASSOCIATES, INC., | )<br>) |
| Third-Party Defendant. | ) |

DOCKETED
JUN 27 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff, Nuveen Investments ("Nuveen"), sued defendant, Gregory P. Hogan ("Hogan"), for recision of the parties' employment agreement and further monetary damages, alleging that Hogan misrepresented his qualifications and salary both directly to Nuveen and Nuveen's recruiting firm, Gregory Michaels & Associates ("GMA"). Hogan has denied making any misrepresentations, but has also filed a third party complaint against GMA for fraud (Count I) and misrepresentation (Count II) pursuant to Fed.R.Civ.P 14. Hogan alleges that due to false statements made by GMA to Nuveen about Hogan's compensation and other pending job offers, Nuveen actually and reasonably relied on these statements, which has lead to Nuveen's pending lawsuit against Hogan. Hogan brings his claims on the basis that should he be found liable, GMA is responsible for all or a portion of his liability to Nuveen. GMA has filed a motion to dismiss

for failure to state a claim pursuant to Fed.R.Civ.P 12(b)(6). For reasons set forth below, GMA's motion is granted.

## LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992). A plaintiff's complaint will generally not be dismissed unless it is beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990).

## BACKGROUND

When considering a motion to dismiss, the court accepts the allegations of the complaint as true as well as reasonable inferences therefrom, and views these both in the light most favorable to the plaintiff. Travel All Over the World, Inc v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996). Hogan's allegations are set forth below.

Hogan bases his third party claims on the events that occurred in the process of acquiring employment with Nuveen. On or prior to April 1, 2000, Hogan was employed by the firm of Scudder, Stevens & Clarke ("SS&C") of New York, where he had worked for two and a half years and held the position of Director of Private Investment Counsel. In September or October of 1999, Kambrea Wendler ("Wendler"), of GMA, employed as a search firm by Nuveen, informed Hogan that she represented Nuveen and expressed interest in speaking with him about

2

the possibility of becoming President of Nuveen's Family Wealth Management Business.[1] Hogan was not looking for new employment at the time of this discussion. GMA had an agreement with Nuveen that it would receive compensation if it was able to fill the Family Wealth Management opening. Between December, 1999, and February, 2000, Hogan engaged in numerous telephone conversations with Schwertfeger and Amboian and Wendler and personally met with them to discuss Nuveen potential employment at Nuveen. During a February 8, 2000, meeting, Schwertfeger and Amboian discussed with Hogan what it would take to acquire him as an employee.[2]

Hogan alleges that on February 23, 2000, Wendler informed Amboian that Hogan had stated his total compensation from SS&C for the year 1999 was $657,440, and his targeted income from SS&C for the year 2000 was $978,000. Wendler also informed Nuveen that Hogan represented that he had $324,000 in deferred compensation from his employment with SS&C which he would forfeit if he resigned to accept employment with Nuveen, and that he expected Nuveen to compensate him for the forfeited amount. Hogan also alleges that Wendler stated that Hogan had an offer of employment from Citigroup in the guaranteed amount of $750,000 and an

---

[1] Wendler provided information about Nuveen, and information regarding the professional and personal attributes of Timothy Schwertfeger ("Schwertfeger"), Nuveen's Chair and CEO, and John Amboian ("Amboian"), Nuveen's President and Chief Operating Officer. The information included the nature of Nuveen's business, Nuveen's corporate structure; Nuveen's products and services and the distribution of them, Nuveen's various investments subsidiaries, and Nuveen's business strategy for entry into the Family Wealth Management Business.

[2] Hogan asked for a three-year guaranteed term of employment, with a guaranteed base salary, sign on bonus, guaranteed year-end bonuses, and guaranteed stock options in Nuveen, plus the option to leave the company after the three-year term should he decide to leave.

3

offer from Neuburger Berman in the amount of $600,000 plus $200,000 at the end of the first year.

On or about April 5, 2000, Nuveen offered Hogan a final draft of the parties' three-year employment contract, labeled "Offer Summary." Both parties signed the offer summary on April 12, 2000, and Hogan started soon thereafter. Hogan contends that during his tenure with Nuveen, he competently and successfully performed his job-related duties in accordance with the contract but was nonetheless fired on October 3, 2000.

On January 9, 2002, Nuveen filed a second amended complaint against Hogan alleging two counts of fraud. Nuveen alleges that Hogan misrepresented to Amboian and Schwertfeger his duties at SS&C and the amount of deferred compensation that he would forfeit in leaving SS&C. Nuveen also alleged that Hogan gave Wendler false information regarding the offers of employment from Citigroup and Nuburder Berman. Nuveen alleges that Hogan knew, expected and intended that Wendler would disclose the information to Nuveen.

In turn, Hogan has filed a first amended third party complaint pursuant to Rule 14(a) against GMA alleging fraud (Count I) and negligent misrepresentation (Count II).[3] He alleges that all of GMA's representations to Nuveen were false and that he never represented to Wendler

---

[3] In his original complaint against GMA, Hogan alleged negligent misrepresentation, which GMA moved to dismiss pursuant to Rule 12(b)(6). This court found that Hogan failed to properly plead a third party claim pursuant to Rule 14(a) because he failed to claim that GMA was responsible for all or part of his liability to Nuveen. In the interest of judicial economy, this court considered Hogan's "impleader" action as an additional party pursuant to Fed.R.Civ.P 20(a) and 13(h) and reached a ruling based on the merits. Hogan failed to allege the reliance necessary to bring a claim against GMA because he had ample opportunity to research the Offer Summary and Separation Agreement, which were explicitly contrary to misrepresentations that Hogan alleged. As such, this court granted GMA's motion to dismiss the third party complaint. Nuveen Inv. v. Hogan, 2001 WL 881363, at *5-6 (N.D. Ill. Aug. 2, 2001).

or anyone at GMA the alleged false statements about his compensation in 1999 from SS&C, his targeted income for the year 2000 and deferred compensation with SS&C, or offers of employment from Citigroup and Neuberger Berman. Hogan claims that if he is found liable to Nuveen, GMA is responsible for all or a portion for his liability to Nuveen.

## DISCUSSION

Fed.R.Civ.P 14(a) provides:

> At any time after commencement of the action, a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action <u>who is or may be liable to the third party plaintiff for all or part of the plaintiff's claim against the third party plaintiff</u>. (Emphasis added)

A proper third party complaint would allege that if Hogan loses the original declaratory suit, then GMA is responsible for all or part of the Hogan's liability to Nuveen. <u>Nuveen</u>, <u>supra</u>, at 7. Although this is what Hogan claims, the alleged facts on which he bases his claims fail to meet the standard of a proper third party complaint.

Hogan's ability to bring a third party complaint rises and falls on the basis of Nuveen's allegations. In its complaint, Nuveen alleges that Hogan misrepresented his qualifications and prospective job offers to Nuveen directly and to GMA, acting as an agent for Nuveen. Nuveen has not alleged that GMA made such misrepresentations as an agent for Hogan, or was in any way acting on Hogan's behalf. Thus, the construction of Nuveen's suit bars Hogan from impleading GMA as a third party defendant because Hogan's liability will be decided solely an evaluation of his own actions – that is, whether or not he made the alleged misrepresentations.

Hogan's third party complaint denies that he ever made any misrepresentations about his employment or pending job offers to anyone at GMA, and that GMA is solely responsible for

5

Nuveen's damages because it made the false statements. Essentially, Hogan has pled a defense to the original litigation. If Hogan's claims are true, they relieve him of liability in the original action. On the other hand, if Nuveen proves its allegations against Hogan, he is liable based on his own actions, not those of GMA, acting on his behalf, and he would have no claim against GMA based on such an outcome. Parr v. Great Lakes Exp. Co., 484 F.2d 767 (7th Cir. 1973).

It is no longer possible under Rule 14, as it was prior to the 1948 amendment to the rule, to implead a third party claimed to be solely liable to the plaintiff. See Barab v. Menford, 98 F.R.D. 455, 456 (E.D.Pa. 1977); Hartford Accident and Indemnity Co. V. Sullivan, 846 F.2d 377, 381(7th Cir. 1988). A third party action presupposes the original defendant's liability, which this defendant third party plaintiff is attempting to pass on to the third party defendant. U.S. General, Inc. v. City of Joliet, 598 F.2d 1050, 1053 (7th Cir. 1979). "The fact that the third party claim arose out of the same transaction or set of facts is irrelevant, since impleader cannot be used as a way of combining all controversies having a common relationship." Forum Ins. Co. v. Ranger Ins. Co., 711 F.Supp. 909, 915 (N.D. Ill. 1989).

The nature of Hogan's third party complaint is fundamentally flawed because Hogan has alleged no facts that would suggest he has any liability to Nuveen. If the facts in Hogan's pleading are accepted as true, his complaint would be a total defense to Nuveen's claims against him. Even if Hogan is correct in stating that GMA is liable directly to Nuveen for the alleged misrepresentations, he does not have standing as a third party plaintiff to bring a claim against GMA, because "a third party claim is not appropriate where the defendant and putative third party plaintiff claims, in effect, 'It was him, not me.' " Hess Oil Virgin Island Corp. v Barber-Greene Co., 1990 WL 208905, at *6 (N.D. Ill. Nov. 27, 1990) (quoting Watergate

6

Landmark Condominium Unit Owners' Assn. v. Wiss, Janey, Elstner Assoc., Inc., 117 F.R.D. 576, 578 (E.D. Va. 1987)). As such, Hogan's third party complaint must be dismissed because it fails to properly implead a third party pursuant to Rule 14(a).

## **CONCLUSION**

For the reasons stated above, GMA's motion to dismiss the amended third party complaint is granted.

**ENTER:** **June 26, 2002**

**Robert W. Gettleman**
**United States District Judge**

7